## CHARLOTTE M. KNOWLES *vs.* CITY OF BOSTON.

A teacher in one of the public schools of the city of Boston, who is elected annually, and whose salary is payable quarterly, if dismissed in the middle of a quarter by the school committee, under *Sts.* 1844, *c.* 82, and 1854, *c.* 448, § 56, although for no misconduct on her part, cannot recover salary for the subsequent time.

ACTION OF CONTRACT to recover a salary as a teacher in a public school in Boston for the quarter ending December 1st 1855. The plaintiff was for several years an assistant teacher in the Smith School, having been annually elected by the school committee according to law and the rules and regulations of the committee. She was paid at the rate of four hundred dollars a year, and received her salary quarterly for all services rendered by her before the 1st of September 1855. On that day, having been previously elected in the same manner as other assistant teachers are, she entered upon a new year's service in the same school, at the same salary, and continued in that service until the 14th of September, when the school was abolished by the school committee, and the plaintiff notified that her services were no longer required. She was dismissed for no fault or dereliction of duty on her part, but solely because in the judgment of the school committee the public interest required that the school should be abolished. The plaintiff was ready to render her services to the city in the same manner as she had before rendered them, and demanded payment of the sum now sued for, after the 1st of December 1855, and before bringing this action.

The defendants offered to be defaulted for a proportional part of the salary to the time of the plaintiff's dismissal; and the parties submitted the case above stated to the decision of the superior court, who gave judgment for the plaintiff for the sum offered. The plaintiff appealed.

*W. L. Burt,* for the plaintiff.

*J. P. Healy,* (City Solicitor,) for the defendants.

BIGELOW, J. The contract of the plaintiff for services as a teacher was made under and subject to the general provisions

of law, by which its obligation and interpretation are to be regulated and governed. By *St.* 1844, *c.* 32, it is provided that the school committee of any town may dismiss from employment any teacher whenever they may think proper, "and from the time of such dismissal such teacher shall receive no further compensation for services rendered in that capacity." By *St.* 1854, *c.* 448, § 56, the school committee of the city of Boston have the same power and authority as school committees of towns. Under these provisions, it is clear that the plaintiff was liable to dismissal at any time by the school committee of the city, and that on such dismissal her salary ceased. There is nothing in the facts agreed which tends to show that any other or different contract than that contemplated by the statute was entered into with the plaintiff. The fact that she was to receive a salary at a certain rate per annum, payable quarterly, was only a mode of fixing the amount of her compensation and the time of its payment, and did not imply a contract for employment for the entire year. Nor do the additional facts, that she as well as other teachers employed by the defendants were elected annually, and that she had actually entered on a new year's service, prove a special contract for a whole year's services. They only show that the mode of selection of teachers by the city was to make choice of them annually, and that they usually continued in employment in pursuance of such selection for the year ensuing. But such an employment, in the absence of express stipulation, must be deemed to have been entered into under the provisions of the statute, which give the right to the school committee to terminate it at any time.

It was suggested that the statute did not intend to authorize school committees to dismiss teachers unless some fault or neglect was committed by them in the performance of their duties. But this is altogether too narrow an interpretation of the provisions of this statute. The power is conferred in the most general terms, and is to be exercised whenever in the judgment of those to whom it is committed the public good for an cause requires it. Of this they are the exclusive judges.

*Judgment affirmed.*